SAMUEL ROSENBERG *vs.* ABRAHAM GANZ ET AL.

Third Judicial District, New Haven, June Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action against a surety on a common-law bond given to release an attachment against a corporation, the defense was that after this bond was executed and given to the officer making the attachment, the attorney for the corporation objected to it as not in statutory form, and drew a substitute in that form; that the plaintiff objected to the substitute until a surety other than the defendant Ganz was secured; and that when such other surety in place of said defendant was obtained, the statutory bond was accepted and the attachment released. The conclusion of the trial court was that the bond sued upon was not in force because the plaintiff had voluntarily accepted a statutory form of bond with a more acceptable surety in its stead. *Held* that the court did not err in reaching this conclusion, since it was an inference of fact logically consistent with the subordinate facts found.

Argued June 7th—decided July 22d, 1921.

ACTION upon a bond given to release an attachment, brought to and tried by the Superior Court in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

To secure the release of an attachment of personalty in an action brought by the plaintiff against the Connecticut Auto and Cycle Company, two successive bonds were drafted. The first was a common-law bond, conditioned for the payment of any judgment which might be obtained by the plaintiff in that action. This bond was drawn by the officer who made the attachment, and was signed by the above-named corporation and by the defendant Ganz as surety. It was not signed by the defendant Michaelson. It was never delivered to the plaintiff. While this bond was in the officer's hands, the attorney for the corporation

Rosenberg *v*. Ganz.

inspected it, and notified the officer that it was not satisfactory because not in the statutory form. The attorney then drafted and handed to the officer a proposed substitute in the statutory form, containing in the body of the draft the name of Ganz as surety. When this draft was shown to the plaintiff and the situation explained to him, he told the officer that Ganz was not satisfactory to him as surety, and directed the officer to endeavor to secure the defendant Michaelson as surety instead of Ganz. The officer then erased Ganz's name from the draft, and, upon the due execution thereof by the corporation as principal and the defendant Michaelson as surety, released the attachment.

The complaint in this action counts on the common-law bond. The answer denies the obligation as alleged, and affirms that the bond given to release the attachment was the second and statutory form of bond, and was not executed by the defendant Ganz. It is further alleged in the answer, and the court has so found, that the Connecticut Auto and Cycle Company was duly adjudicated a bankrupt within four months of the attachment. The trial court has found, as a conclusion from the facts stated, that the statutory form of bond signed by the defendant Michaelson as surety, was accepted by the officer and by the plaintiff in substitution for the common-law bond sued on.

*Frank E. Bollman* and *Carl E. Mears*, for the appellant (plaintiff).

*Robert L. Munger*, for the appellees (defendants).

PER CURIAM. The conclusion of the trial court, that the common-law bond sued on was not in force because the plaintiff had voluntarily accepted in its stead a statutory form of bond with a more acceptable surety, is an

inference of fact logically consistent with the subordinate facts found. Assuming that the original common-law bond was at one time in force and effect, the plaintiff appears to have consented to the substitution of another bond, not sued on.

The assignments of error based on rulings on evidence, and on refusals to correct the findings, are not pursued on the brief, and we are unable to see that the appeal presents any issue of law.

There is no error.